GAUTAM DUTTA (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
1017 El Camino Real # 504
Redwood City, CA  94063
Telephone:  415.236.2048
Email:  Dutta@BEELawFirm.com
Fax:  213.405.2416

Attorneys for Plaintiffs
DONALD BLANKENSHIP and DENISE PURSCHE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BLANKENSHIP and DENISE PURSCHE | CASE NO. |
| *Plaintiffs*, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | JUDGE: |
| GAVIN NEWSOM, in only his official capacity as Governor of California; and ALEX PADILLA, in only his official capacity as Secretary of State of California; | |
| *Defendants*. | |

## INTRODUCTION

1.    To ensure that Donald Blankenship is not unconstitutionally deprived of his right to appear on the Nov. 3, 2020 Presidential ballot, Mr. Blankenship and Contra Costa County voter Denise Pursche ask the Court to declare unconstitutional and enjoin California's statutory in-person signature collection requirements.

2.    By granting swift relief, the Court will ensure that the current public-health emergency caused by COVID-19 and the Governor's emergency orders does not unconstitutionally (1) deny ballot access to Presidential candidates, and (2) deprive voters of their right to vote for candidates of their choice.

**THE PARTIES**

3.     Plaintiff **Donald Blankenship** was nominated by the Constitution Party at its May 2, 2020 virtual Convention as its candidate for the United States President.

4.     Plaintiff **Denise Pursche,** a resident and registered voter in Costra County County, seeks to vote for Mr. Blankenship in the 2020 presidential election.

5.     Defendant **Gavin Newsom** is the Governor of California.  Defendant Newsom has authority over the enforcement of the California Elections Code during a state of emergency.  Defendant Newsom's official address is 1303 Tenth Street, Suite 1173, Sacramento, CA  95814.

6.     Defendant **Alex Padilla** is the Secretary of State of California.  Pursuant to Elections Code §12172.5, Secretary Padilla is the State's chief elections official and has ultimate authority over the enforcement of the California Elections Code, including the provisions challenged in this lawsuit.  Defendant Padilla's official address is 1500 Eleventh Street, Sacramento, CA  95814.

**JURISDICTION AND VENUE**

7.     This Court has federal-question jurisdiction in this case pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and 42 U.S.C. §1988.  Defendants are state officials who maintain offices throughout the State of California.  This Court has personal jurisdiction over Defendants, for they are California public officials who are being sued in their official capacities.

8.     Venue is proper under 28 U.S.C. §1391 because Plaintiff Denise Pursche lives and votes in Contra Costa County.

**GENERAL BACKGROUND**

9.     On October 31, 2019, Mr. Blankenship filed his Statement of Candidacy with the Federal Election Commission ("FEC").

10.    On May 2, 2020, Mr. Blankenship was named the Constitution Party's nominee for the President of the United States.

COMPLAINT

11. In California, nomination papers for an independent nominee for President of the United States must be circulated for signatures between April 24, 2020 and August 7, 2020, pursuant to Cal. Elections Code §8403.

12. Pursuant to Cal. Elections Code §8400, the nomination papers must be signed by at least **196,964** registered voters in California (equivalent to 1% of the statewide registration from the last Report of Registration prior to the Nov. 2018 General Election).

13. In Dec. 2019, an outbreak of respiratory disease caused by a novel coronavirus emerged in China. The respiratory disease caused by the novel coronavirus, now known as "COVID-19", is an infectious disease that can spread from person to person and can result in serious illness and death.

14. On January 30, 2020, after the coronavirus outbreak had spread well beyond China, the World Health Organization declared that COVID-19 constitutes a Public Health Emergency of International Concern.

15. On January 31, 2020, as a result of confirmed cases of COVID-19 in the United States, Health and Human Services Secretary Alex M. Azar II declared a nationwide public health emergency retroactive to January 27, 2020.

16. On February 27, 2020, the Centers for Disease Control issued guidance recommending, among other things, that members of the public practice "social distancing" and minimize close contact with others in order to slow the spread of COVID-19.

17. On March 11, 2020, the World Health Organization declared COVID-19 to be a global pandemic.

18. On Mar. 19, 2020, in response to the unprecedented COVID-19 pandemic, Defendant Newsom issued Executive Order N-33-20 (the "Stay-at-Home Order"), which directed all Californians to stay home except those who held essential jobs ("Essential Workers") or to shop for essential needs.

19. The Stay-at-Home Order further required that Essential Workers who leave their homes must maintain social distancing standards by remaining at least six feet apart from others.

20. Under the Stay-at-Home Order, public professional, social, and community mass gatherings are prohibited.

21. It is unclear whether the Stay-at-Home Order provides an exception for a candidate's signature-collection activities.

22. On Mar. 20, 2020, Defendant Newsom issued Executive Order N-34-20, which acknowledged the danger posed by coronavirus to voting rights, declaring that the virus would "impair the ability of relevant state and local officials, including county elections officials and the Secretary of State, and the volunteers supporting them, to meet statutory deadlines associated with these responsibilities."

23. In relevant part, the Mar. 20, 2020 Order stated that "in-person voting presents risks to public health and safety in light of the COVID-19 pandemic, and could risk *undermining social distancing measures* imposed by the State Public Health Officer[.]"[1]

24. To ensure that California elections remain "accessible, secure, and safe", the Mar. 20, 2020 Order mandated that voters across California be given the option to vote by mail, without having to cast their votes in person.

25. Mr. Blankenship and Ms. Pursche understand that the requirement that Mr. Blankenship gather at least 196,964 "wet" signatures remains in effect.

26. Simply put, the Stay-at-Home Order has rendered it effectively *impossible* for Presidential candidates like Mr. Blankenship to obtain nearly 200,000 signatures by August 7, 2020, California's statutory deadline.

27. Collecting signatures is a time-consuming process, which requires close

---

[1] Italics added.

COMPLAINT

contact with voters across California.  It involves on going to places where the public congregates.  Many businesses remain closed and all large, and public mass gatherings are still prohibited.  Additionally, because of public-health concerns, voters at large are reluctant not only to attend public gatherings, but to speak with signature gatherers.

28.   Furthermore, collective signatures for a candidate requires coming into close contact with individual voters, generally *closer than six feet*, to hand them a copy of information about a candidate to review, answer questions, instruct the voter where to sign, and properly witness the voter signature.

29.   Under these extraordinary measures and unprecedented circumstances, there is absolutely no compelling or legitimate state interest to enforce the filing deadline or maintain the required number of elector signatures, and to do so is unconstitutional.

30.   Enforcing the filing deadlines without reducing the required number of voter signatures under these unprecedented circumstances is unconstitutional as applied, for it imposes requirements that Mr. Blankenship cannot meet in the wake of the COVID-19 pandemic.

31.   This effectively prevents Mr. Blankenship, through no fault of his own, from getting his name on California's Nov. 3, 2020 Presidential ballot.

32.   Mr. Blankenship and his supporters are poised to suffer irreparable harm if they are deprived of their constitutional right to vote for the candidate of their choice if Mr. Blankenship's name is not permitted to be on the ballot.

### FIRST CLAIM FOR RELIEF

*As-Applied Violation of the United States Constitution and 42 U.S.C. §1983*

(Amendments I & XIV)

Alleged by Mr. Blankenship against All Defendants

33.   The foregoing allegations are hereby incorporated by reference.

34.   The combination of the unprecedented COVID-19 pandemic, Defendant

COMPLAINT

Newsom's Stay-at-Home Order, and Defendant Padilla's application and enforcement of Cal. Elections Code §8403 is unconstitutional, as applied, to Presidential candidate Donald Blankenship.

35.     Defendants' actions effectively prohibit Mr. Blankenship from getting the required number of signatures, and in turn, prevent him from having his name placed on the Nov. 3, 2020 Presidential Election ballot.  In this manner, Defendants are poised to violate Mr. Blankenship's freedom of speech and association, equal protection, and due process rights guaranteed by the First and Fourteenth Amendments, as enforced by 42 U.S.C. § 1983.

36.     Defendants' enforcement of the statutory requirements in conjunction with the Stay-at-home Order make it virtually impossible for Blankenship and other similarly situated candidates to get their names on California's Nov. 3, 2020 Presidential ballot.  Under the circumstances, those requirements are burdensome, unreasonable, and not narrowly tailored to meet any compelling or legitimate state interest.

37.     A real and actual controversy exists between the Parties.

38.     Mr. Blankenship has no adequate remedy at law other than this action for declaratory and injunctive relief.

39.     Mr. Blankenship is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless those violations are declared unlawful and enjoined by this Court.

**SECOND CLAIM FOR RELIEF**

*As-Applied Violation of the United States Constitution and 42 U.S.C. §1983*

(Amendments I & XIV)

Alleged by Ms. Pursche against All Defendants

40.     The foregoing allegations are hereby incorporated by reference.

41.     The unconstitutional exclusion of Mr. Blankenship's candidacy through the unconstitutional enforcement of the filing deadline and signature requirements

COMPLAINT

deprives Denise Pursche of an effective choice at the ballot, is wholly unreasonable, and fails to meet any compelling or legitimate state interest.

42. A real and actual controversy exists between the Parties.

43. Ms. Pursche has no adequate remedy at law other than this action for declaratory and injunctive relief.

44. Ms. Pursche will suffer irreparable harm if she is unconstitutionally deprived of the right to vote for the Presidential candidate of her choice.

45. Defendants' enforcement of the filing deadline and signature requirements deprives Ms. Pursche and other similarly situated voters of her constitutional right to vote for the Presidential candidate of her choice.

## PRAYER FOR RELIEF

Plaintiffs Donald Blankenship and Denise Pursche ask that the Court to grant the following relief:

I. Enter judgment declaring that California's statutory ballot-access requirements are unconstitutional, as applied to independent Presidential nominee Donald Blankenship.

II. Issue a temporary restraining order, preliminary injunction, and permanent injunction prohibiting enforcement of California's filing deadline and signature requirements for Presidential candidates for California's November 3, 2020 general election, as well as any substitute requirements that Defendants may subsequently adopt or promote that violate Plaintiffs' constitutional rights.

III. Issue a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendants from printing the Nov. 3, 2020 Presidential ballot unless Defendants extend the statutory filing deadline and decrease the signature requirement to an achievable number in light of the COVID-19 public-health emergency.

IV. Awarding all reasonable attorney's fees and costs to Plaintiffs.

V. All other relief that the Court deems just and equitable.

COMPLAINT

1

2

3   DATED:  July 7, 2020

4
                                        BUSINESS, ENERGY, AND ELECTION
5
                                        LAW, PC
6

7

8                                       By:  /s/ Gautam Dutta

9                                            GAUTAM DUTTA, ESQ.

10                                      Attorneys for Plaintiffs
                                        DONALD BLANKENSHIP and DENISE
11                                      PURSCHE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT